■ KENNETH V. DOOLIN, III, Appellant, v. SORBEL REALTY CORPORATION
et al., Respondents.— Judgment unanimously affirmed, without costs. (See Rules
of Supreme Court for Erie and Niagara Counties, 22 NYCRR 1155.10 [b].)
(Appeal from judgment of Erie Trial Term in action for damages for personal
injuries.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Del
Vecchio, JJ.

■ JOHN E. CREEDON POLICE BENEVOLENT ASSOCIATION, INC. OF UTICA,
Appellant, v. CITY OF UTICA, Respondent.— Judgment unanimously reversed,
with costs, and judgment granted in favor of petitioner-appellant in accord-
ance with the following memorandum: By this proceeding petitioner sought an
adjudication that an employment contract for police officers of the City of Utica
negotiated and executed by it and the Mayor of the city and approved by the
Board of Estimate and Apportionment, but disapproved by the Common
Council, was valid and effective. Special Term's conclusion that approval by
the Common Council was necessary to validate the contract was predicated on
its determination that section 204-a of the Civil Service Law so modified the
provision of section 74 of the Second Class Cities Law, which had vested the
power to fix salaries of city employees in the Board of Estimate and Appor-
tionment. We do not believe that the section of the Civil Service Law, which
is a part of the Public Employees' Fair Employment Act, may be so construed.
It simply requires that public employment contracts shall include a statement
that any provision of the agreement requiring legislative action shall not become
effective until the legislative approval has been given; it does not vary or extend
the instances in which legislative approval is necessary and does not create a
necessity for action by a legislative body where it does not otherwise exist.
Moreover, if by any interpretation it might be said that action by the Common
Council was required, the Common Council by Ordinance No. 289 of 1968 (as
amd. by Ordinance No. 342 of 1969) had recognized petitioner as bargaining
agent for police officers of the city and authorized the Mayor to negotiate on
behalf of the city and to execute an employment contract with petitioner.
Neither of the cases relied on by Special Term, which represented instances
in which an impasse in negotiations within the provisions of subdivision 3 of
section 209 of the Civil Service Law had been reached, is authority that Com-
mon Council approval of the contract in question was necessary. Petitioner is
entitled to a judgment declaring the validity of the contract and directing
respondent to implement the same. (Appeal from judgment of Oneida Special
Term in article 78 proceeding.) Present — Witmer, J. P., Moule, Cardamone,
Mahoney and Del Vecchio, JJ. [76 Misc 2d 728.]