SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT AT CONKLIN, Appellant, *v.* SUSQUEHANNA VALLEY TEACHERS' ASSOCIATION et al., Respondents.

Third Department, December 5, 1974.

*Shaw, Esworthy, O'Brien & Crowley* (*Frank C. Shaw* of counsel), for appellant.

*Bernard F. Ashe* (*Ira Paul Rubtchinsky* of counsel), for respondents.

STALEY, JR., J. Petitioner is a central school district and respondent, Susquehanna Valley Teachers Association, is an association of classroom teachers employed in petitioner's school district and recognized as the collective bargaining unit under article 14 of the Civil Service Law. On November 1, 1972, the school district and the association entered into a memorandum of understanding to incorporate certain provisions relative to terms and conditions of employment in the contract between the parties for the 1972–1974 school years. This memorandum was merged into a contract which was executed on April 4, 1973. The contract was complete for both years as to all subjects except one, namely, the method or plan by which teachers' salaries would be allocated and paid in the second year of the contract. The agreement provided for a joint committee of equal representation for the parties for the purpose of seeking a plan for the payment of teachers' salaries for the 1973–1974 school year. The agreement provided as follows:

" The committee shall convene no later than 15 November 1972, and continue to meet on mutually acceptable dates for the purpose of investigating alternate salary structures for the 1973–1974 school year.

" The committee shall issue its report and recommendations no later than 15 March 1973 to the respective parties. Both the Association and the district agree to make a good faith effort to reach agreement on an alternate salary plan.

" In the event either party rejects the recommendations of the committee, the matter but not the gross dollar amount shall immediately become subject to negotiation under the Taylor Law."

The joint committee provided for by the terms of the contract was never created and, therefore, no report or recommendations were submitted to the parties prior to March 15, 1973.

On or about March 27, 1973 the parties entered into negotiations as to those terms and conditions of employment subject to negotiation for the 1973–1974 school year. Such negotiations were not successful and, on April 30, 1973, an impasse existed and was so declared and, pursuant to subdivision 3 of section 209 of the Civil Service Law, a fact finder was appointed. On May 25, 1973 a formal fact-finding hearing was held in which both parties participated and, on June 15, 1973, the fact finder rendered his report. The chief executive officer transmitted the report to the Board of Education and a legislative hearing was held on July 31, 1973 as required by statute. On August

2, 1973, the Board of Education made a legislative determination as to such terms and conditions of employment which had been the subject of the submission to the fact finder which determination generally adopted his recommendations with some alterations. The legislative determination was deemed to be in the public interest, including the interest of the public employees involved.

On September 14, 1973, the association served an improper practice charge on the school district and filed such charge with PERB which provided, in part, that the school district, between November 15, 1972 and March, 1973, had refused to enter into discussions with the association concerning alternate salary structures for the 1973–1974 school year and that, on or about July 25, 1973, the school district wilfully, deliberately and unilaterally changed the terms and conditions of employment that affect method of payment and amount of payment enjoyed by members of the bargaining unit and as previously agreed upon.

The hearing on the improper practice charge was held before a PERB hearing officer on November 9, 1973. The association, on November 12, 1973, served a demand for arbitration of a certain Grievance No. 21 which provided as follows:

" The Susquehanna Valley School District has violated the 1972–74 contract with respect to the determination of salaries for the 1973–74 school year by failing to increase bargaining unit salaries by $137,000 as prescribed by the contract.

" The Susquehanna Valley School District has violated the Memorandum of Understanding dated 1 November 1972 by unilaterally altering terms and conditions of employment covering members of the bargaining unit."

On November 15, 1973, the school district commenced this proceeding for an order staying the arbitration on the grounds that there is no contract on the matter, the issue is nonarbitrable, and that the association, having elected to file charges before PERB, made an election of remedies which bars it from arbitration procedure. On March 18, 1974, Special Term denied the application to stay arbitration.

The contract executed on April 4, 1973 provided that the parties would submit to binding arbitration as the fourth and final stage of the grievance procedure set forth in the contract with respect to matters contained in the contract. Matters with respect to salary and compensation of members of the association are among the items subject to the grievance policy of the contract. The arbitration clause in the contract is a

broad one, and a grievance is defined as follows: " A grievance is a claim by any teacher or group of teachers in the negotiating unit based upon any event or condition effecting their professional standing and/or terms and conditions of employment including, but not limited to any claimed violations, misinterpretations, misapplication or inequitable application of law, rules or regulations having the force of law, this agreement * * *."

It has been repeatedly held that, where there is a broad arbitration clause in a collective bargaining agreement, there is a presumption that all questions arising thereunder are arbitrable and are questions for the arbitrator rather than the courts. (*Matter of Associated Teachers of Huntington* v. *Board of Educ., Union Free School Dist. No. 3, Town of Huntington,* 33 N Y 2d 229; *Matter of Long Is. Lbr. Co.* [*Martin*], 15 N Y 2d 380; *Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329; *Board of Educ. of Chautauqua Cent. School. Dist.* v. *Chautauqua Cent. School Teachers' Assn.,* 41 A D 2d 47.)

If a valid agreement exists providing for arbitration, any controversy arising between the parties to the contract which is within the compass of these provisions must proceed to arbitration. The only exceptions where a court will enjoin arbitration are: (1) where there is fraud or duress in the inception of the contract; (2) where there is no bona fide dispute between the parties; (3) where the performance which is the subject of the demand is prohibited by statute; or (4) where a condition precedent to arbitration under the contract has not been fulfilled. Since none of the exceptions apply to the circumstances of the controversy involved in this proceeding, arbitration is the proper remedy to determine the rights of the parties.

" It is of more than passing significance that the Taylor Law explicitly vests employee organizations with the right to represent public employees not only in connection with negotiations as to the terms and conditions of employment but also as to ' *the administration of grievances arising thereunder* ' (Civil Service Law, § 203; italics supplied). Indeed, it is the declared policy of this State to encourage ' public employers and * * * employee organizations to agree upon procedures for resolving disputes ' (§ 200, subd. [c]). And arbitration is, of course, part and parcel of the administration of grievances." (*Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington* v. *Associated Teachers of Huntington,* 30 N Y 2d 122, 131.)

Petitioner's argument that the issue relating to the salary structure for the school year 1973–1974 is not subject to arbitration since the contract provided for negotiation of that issue by a joint committee subject to further negotiations under the Taylor Law fails in light of the grievance procedures contained in the contract. The contract does not provide that such issue would be excluded from arbitration, and " it is only where the parties have employed language which clearly rebuts the presumption of arbitrability " (*Matter of Long Is. Lbr. Co.* [*Martin*], *supra,* p. 385) will the issue be held nonarbitrable.

The application to stay arbitration was properly denied.

The order should be affirmed, without costs.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order affirmed, without costs.