William A. Walsh, Jr., J.
Petitioner has instituted this proceeding to stay arbitration of a labor dispute. Respondent counterclaims to compel arbitration and for judgment dismissing the petition. A counterclaim relating to petitioner’s waiver of the first three steps of the grievance procedure provided for in the collective bargaining agreement has been rendered moot by petitioner’s withdrawal of petition allegations of respondent’s failure to comply with those steps of the grievance procedure and the necessity of presenting its grievances upon the official form provided therefor.
The question presented is whether county public employees represented by respondent are to be afforded a paid contractual holiday on Dr. Martin Luther King, Jr.’s birthday, January 15, 1976, or on January 19, 1976, a day to be set aside to commemorate that event.
The parties herein executed a collective bargaining agreement on January 6, 1976, which embodied the provisions of a prior settlement memorandum. Article VI of the agreement provides in part:
*253 "Holidays with pay
"1. The following days shall be considered holidays with pay:
New Years Day Columbus Day
Lincoln’s Birthday Election Day
Washington’s Birthday Veteran’s Day Memorial Day Thanksgiving Day
Independence Day Christmas Day
Labor Day
"2. Martin Luther King’s Birthday (Memorial Day)
The County will pass a law making Martin Luther King’s Birthday a legal holiday effective January 15, 1976. In the event that the County cannot pass such legislation declaring Martin Luther King’s Birthday a legal holiday, the County will actively seek such declaration from the Governor or state legislature for the same effective date and said holiday shall be added to the list of holidays for County Employees as per the provisions of the Article.
"3. Where any of the foregoing holidays fall on Saturday, the County will designate the Employee’s alternate day off with pay. Holidays falling on Sunday will continue to be observed on Monday.
"4. All Employees required to work on any of the above listed holidays, will not receive the regular day’s pay; rather employee(s) will be paid at the rate of time and one-half (IV2) for the hours worked on that day and granted an additional day off (hour for hour).”
On January 8, 1975, three pieces of legislation were placed before the New York State Legislature. Each proposed to amend section 24 of the General Construction Law so as to create a public holiday to be known as Dr. Martin Luther King, Jr., Day. All three proposals provided that the fifteenth of January was to be a public holiday in commemoration of Dr. Martin Luther King, Jr.’s birthday and, if that date fell on a Sunday, the public holiday would carry over to the following Monday.
In the weeks following January 8, 1975, three more pieces of legislation concerning the same subject were introduced in the Legislature. While these six bills were being considered, these parties executed their memorandum agreement, dated March 5, 1975, wherein it was provided for an effort to be made to create a legal holiday on January 15, 1976, in honor of the birthday of Dr. Martin Luther King, Jr.
*254 Thereafter, a seventh Dr. Martin Luther King, Jr., bill was placed before the Legislature. It, also, created a new public holiday in honor of Dr. Martin Luther King, Jr., except that it provided that such holiday be celebrated on the third Sunday of January each year. However, that public holiday was to occur on a Sunday only. It was not to be observed on the following Monday. This legislation was enacted by both houses of the Legislature, was signed by the Governor on August 9, 1975, and was given the effective date of January 1, 1976 (L 1975, ch 767).
The County of Westchester, through its Director of Labor Relations, issued a memorandum, dated December 22, 1975, which declared that Dr. Martin Luther King, Jr., Day would be celebrated on the third Sunday in January, but prohibited observing such holiday on the following Monday. Consequently, all employees were advised that Monday, January 19, 1976, was not a holiday. Respondent Morelia contended that the memorandum constituted a breach of the settlement memorandum and the collective bargaining agreement to be executed with respect thereto, and that speedy arbitration was demanded. The further contention was made that the first three grievance stages had been waived and that petitioner would submit the issue of a January 19, 1976, holiday to arbitration.
Subsequently, on January 6, 1976, the parties signed the collective bargaining agreement for the period 1975 through 1977, That agreement was ratified by the Board of Legislators of Westchester County.
Prior to the issuance of the December 22, 1975 memorandum, the Attorney-General of New York State, responding to petitioner’s inquiry, issued an opinion on October 9, 1975, that Westchester County could not enact a local law declaring Dr. Martin Luther King, Jr.’s birthday a legal holiday on any day other than the third Sunday in January.
The collective bargaining agreement defines a grievance as "any claimed violation, misinterpretation or inequitable application of the Agreement, or of applicable existing laws, rules, procedures, regulations, administrative orders, or work rules which relate to or involve Employee health or safety, physical facilities, materials, or equipment furnished to Employees or supervision of Employees”.
Grievance procedure is a four-step process; the first three steps relate to attempted internal resolution of any grievance, *255 the fourth step provides for the submission of unresolved grievances to arbitration. As has been noted, the first three steps have been waived herein.
By order to show cause dated January 9, 1976, this proceeding to stay arbitration was instituted, and was returnable on January 13, 1976, at 2:00 p.m., at which time arguments were heard.
Written agreements to arbitrate controversies are enforceable and courts are mandated not to pass upon the merits of any arbitrable dispute (CPLR 7501). Of course, a demand for arbitration may be stayed by a showing that the claim has been asserted after the time limited for the bringing of such an action in the courts of this State (CPLR 7502, subd [b]). Applications to stay arbitration may also be had if a valid agreement has not been made or, in the case of a valid agreement, there has been noncompliance with the terms thereof (CPLR 7503, subd [b]).
Here, petitioner does not dispute the validity of the provisions of the collective bargaining agreement, any failure to comply with its terms, or that an appropriate Statute of Limitations bars the submission of the controversy to arbitration. Rather, petitioner bottoms its application to stay arbitration on the ground that arbitrability would contravene the public policy of the State of New York. This contention is without merit.
It is petitioner’s position that the declared policy of New York, as reflected in section 24 of the General Construction Law, subdivision 1 of section 62 of the Public Officers Law and section 206 of the County Law, effectively abrogates the arbitrability of the issue of a Westchester County employee’s entitlement to a paid holiday in commemoration of the birthday of Dr. Martin Luther King, Jr.
Section 24 of the General Construction Law defines and specifies public holidays which require the closing of all public offices in the State. In the enumeration contained therein, Dr. Martin Luther King, Jr., Day is limited to celebration on the third Sunday in January. Any public offices which operate on Sunday must be closed. Subdivision 1 of section 62 of the Public Officers Law also relates to the closing of public offices in each county of the State on public holidays. Section 206 of the County Law merely adds Saturdays as a day when county offices are to be closed for the transaction of business. New *256 York public policy, therefore, enjoins the carrying on of public business on Saturdays, Sundays and public holidays.
It is also alleged that section 204-a of the Civil Service Law has not been complied with in that the Dr. Martin Luther King, Jr. provision has not been implemented by appropriate legislative action. Yet, it is not disputed that the Legislature of Westchester County ratified the collective bargaining agreement which contains provisions relating to the observance of Dr. Martin Luther King, Jr., Day. It is the interpretation of those provisions which form the basis of the arbitration demand.
The Westchester County Legislature is empowered to fix the wages and working hours of its employees. (County Law, §§ 205, 206.) All terms and conditions of employment, including wages and working hours, are proper subjects of collective bargaining negotiations. Such negotiations resulted in the memorandum agreement and the collective bargaining agreement now before us. In those agreements, claims respondent, the intent of the parties was to seek designation of Dr. Martin Luther King, Jr., Day as a public holiday. Failing that, a paid contractual holiday in honor of Dr. Martin Luther King, Jr., was to be recognized.
Legislative action by local law or resolution was required by the county legislature before the collective bargaining agreement was enforceable. Subdivision 12 of section 201 of the Civil Service Law defines an agreement as "the exchange of mutual promises between the chief executive officer of a public employer and an employee organization which becomes a binding contract, for the period set forth therein, except as to any provisions therein which require approval by a legislative body”.
The subject matter of the agreement is within the power of the County Legislature to ratify by resolution and the parties were bound by the contract as ratified (see Matter of Reese v Lombard, 47 AD2d 327).
The requirement that a public employment contract include a statement that provisions of a collective bargaining agreement requiring legislative action shall not become effective until such legislative sanction has been given does not create the necessity for action by a legislative body where none existed (Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Federation of Teachers, 49 AD2d 753; John E. Creedon Police Benevolent Assn. of Utica v City of Utica, 44 *257 AD2d 890). In Creedon, a collective bargaining agreement was ratified by the Utica Board of Estimate and Apportionment but rejected by the common council. The Appellate Division, Fourth Department, held that inasmuch as the Board of Estimate and Apportionment had the right to fix the salaries of Utica public employees, it had the power to approve the agreement. No common council action was required or necessary.
Respondent maintains that the collective bargaining agreement provides for a Dr. Martin Luther King, Jr., Day as a contractual holiday. Unlike public holidays, contractual holidays do not require the closing of public offices. Pursuant to subdivision 4 of article VI of the agreement, additional compensation and an alternate day off is provided for in case an employee works on any of the listed holidays. Indeed, since all of the holidays listed in subdivision 1 of article VI are public holidays, the agreement contemplates the contingency of some of its employees working on public holidays.
The policy of this State is to encourage public employers and employee organizations to agree upon procedures for resolving disputes (Civil Service Law, § 200). Arbitration is one such procedure. As the Court of Appeals stated in Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer. (37 NY2d 91, 95): "It is always useful to bear in mind that the announced policy of this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties. 'One way to encourage the use of the arbitration forum’ we recently noted 'would be to prevent the parties to such agreements from using the courts as a vehicle to protract litigation. This conduct has the effect of frustrating both the initial intent of the parties as well as legislative policy’ (Matter of Weinrott [Carp], 32 NY2d 190, 199). To this end the Legislature has assigned the courts a minimal role in supervising arbitration practices and procedures.”
A collective bargaining agreement containing an arbitration clause presumptively makes arbitrable all disputes arising thereunder in the absence of clear language in the contract to the contrary (Matter of Long Is. Lbr. Co. [Martin] 15 NY2d 380; Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn., 41 AD2d 47).
Generally, parties adopt a broad arbitration clause in agreements which call for the submission to arbitration of all *258 disputes relating to the meaning and interpretation of the contract (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., supra; Susquehanna Val. Cent. School Dist. at Conklin v Susquehanna Val. Teachers’ Assn., 46 AD2d 104; Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Federation of Teachers, 49 AD2d 753, supra). However, in cases where the arbitration clause of a collective bargaining agreement cannot be characterized as "broad”, it still contemplates the arbitration of disputes which relate to the interpretation and application of agreement provisions (Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.], 35 NY2d 599).
The grievance procedure leading to arbitration which was adopted by the parties herein is to be utilized for any claimed violation, misinterpretation or inequitable application of the agreement, a fairly broad provision for the resolution of disputes. Consequently, in the absence of statutory provisions barring arbitration, disputes relating to contract interpretation must follow the grievance procedure outlined in the collective bargaining agreement. It is undisputed that the present dispute has advanced to the arbitration stage. There are no statutory barriers contained in CPLR 7501, 7502, 7503, section 24 of the General Construction Law, section 62 of the Public Officers Law, section 206 of the County Law or section 204-a of the Civil Service Law, which impede the utilization of this final phase in resolving a dispute which involves a matter of interpretation or inequitable application of the collective bargaining agreement. Likewise, the public policy of this State does not preclude resorting to this machinery in this dispute.
It is for an arbitrator, not this court, to determine whether the collective bargaining agreement contemplates Dr. Martin Luther King, Jr., Day as a paid public holiday only, or as a paid contractual holiday in the event an appropriate public holiday is not declared.
The petition is dismissed. The counterclaim to compel arbitration is granted.