■ BOARD OF EDUCATION, COMMACK UNION FREE SCHOOL DISTRICT, Respondent, v COMMACK TEACHERS ASSOCIATION et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County, dated April 6, 1976, which granted petitioner's application. Order affirmed, with $50 costs and disbursements. Appellant Commack Teachers Association demanded arbitration with petitioner pursuant to their collective bargaining agreement in January, 1976, as a result of certain acts committed against appellant Clay, a tenured teacher employed by petitioner. We find no basis for arbitration since, after the charges were preferred against Clay, he resigned pursuant to a stipulation, making his resignation effective as of March 5, 1977. While Clay could not waive the appellant association's contractual right to demand arbitration, the stipulation was binding on all parties and, hence, there exists no bona fide dispute to arbitrate (see *Susquehanna Val. Cent. School Dist. at Conklin v Susquehanna Val. Teachers' Assn.,* 46 AD2d 104, mot for lv to app den 37 NY2d 705). Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ CHYX-CHO REALTY, LTD., et al., Appellants, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, et al., Defendant. (Action No. 1.) (And Two Other Actions.)—In an action on a fire insurance policy, plaintiffs appeal from an order of the Supreme Court, Kings County, dated June 15, 1976, which granted respondent's motion to strike their interrogatories and conditionally granted respondent's motion for an order of preclusion. The appeal brings up for review so much of a further order of the same court, dated September 7, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated June 15, 1976 dismissed as academic. That order was superseded by the order granting reargument. Order dated September 7, 1976 modified by adding thereto, immediately after the provision adhering to the original determination, a provision granting plaintiffs the right to serve additional, proper interrogatories. As so modified, order affirmed insofar as reviewed. Plaintiffs' time to serve a further bill of particulars and additional interrogatories is extended until 20 days after entry of the order to be made hereon. Respondent is awarded one bill of $50 costs and disbursements. The instant interrogatories are unnecessary and oppressive. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.