■ NASSAU CHAPTER OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al. Respondents, v COUNTY OF NASSAU et al., Appellants.—In an action to recover wages allegedly due for overtime, the defendants appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered August 13, 1986, which denied their motion for summary judgment dismissing the complaint and granted the plaintiffs' motion for summary judgment to the extent of directing a payment of overtime to the individual plaintiffs for "night report duty" worked during the period August 17, 1975 to December 31, 1976, and July 27, 1979 to December 31, 1981.

Ordered that the appeal is held in abeyance, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination of whether the claim for overtime pay has previously been the subject of a settlement agreement between the parties. The Supreme Court is directed to hold a hearing and submit a report to this court with all convenient speed.

The plaintiffs, Nassau County probation officers and their union representatives, commenced this action to recover overtime pay pursuant to their collective bargaining agreements, for "night report duty" allegedly due for the period commenc-

ing August 1975. The defendants subsequently moved to dismiss the complaint or, in the alternative, for summary judgment, asserting, *inter alia,* that the action was barred due to a settlement reached by the plaintiff union and the defendants in July 1979. The defendants submitted an "Inter-Departmental Memo" dated July 11, 1979, signed by Paul LeGrande, then the president of the Probation Department unit of the Civil Service Employees Association, which states in pertinent part:

"After the filing of the Grievance, our Director, Louis J. Milone, met with our representatives and *a mutually acceptable solution was reached with regard to the nature of the Grievance.*

*"On July 9, 1979, a meeting was held and the membership voted to withdraw the Grievance as filed"* (emphasis supplied).

The plaintiffs conceded that the grievance was withdrawn because Louis Milone, then the Director of the Department of Probation, had agreed to compensate the employees with 1½ hours of compensatory time for every hour of overtime worked. This plan was implemented for approximately one month, at which time the compensatory time was reduced to one hour for every hour of overtime. Apparently, this procedure was followed from approximately August 1979 until about October 1981.

The plaintiffs cross-moved for summary judgment and submitted affidavits of officers of the Civil Service Employees Association denying that there was a settlement and asserting that LeGrande's negotiations were informal and that he lacked authority to settle the grievance. Mr. LeGrande also submitted an affidavit stating: "Any conversations between Louis Milone and myself were informal only and I did not authorize nor did I have the power to authorize a settlement of the grievance on behalf of CSEA".

Questions of fact exist which cannot be resolved solely on the basis of the documents contained in the record on appeal. Accordingly, a hearing is directed to determine whether the claim for overtime underlying the complaint was previously settled by the parties. In connection with this hearing and determination, the court should also consider whether the plaintiffs accepted compensatory time between 1979 and 1981, and, if so, whether this acceptance acted to ratify the alleged agreement. The appeal will be held in abeyance pending receipt of a report from the Supreme Court following the hearing. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.