■ PATROLMEN'S BENEVOLENT ASSOCIATION OF CITY OF LONG BEACH, INC., Respondent, v CITY OF LONG BEACH, Appellant. [868 NYS2d 306]—

The plaintiff, the Patrolmen's Benevolent Association of the City of Long Beach, Inc. (hereinafter the PBA), commenced this action for a judgment declaring legally binding and enforceable as between the parties three stipulations and agreements exe-

cuted by it and the appellant, the City of Long Beach, and to direct the appellant to perform its obligations under the stipulations and agreements. The three stipulations and agreements represented settlements of three grievances initiated by the PBA on behalf of its members regarding sick leave retirement computations, night differential pay calculations, and a disciplinary action that had been brought against 17 of its members. The stipulations and agreements were executed by the president of the PBA and the City Manager on September 29, 2005. About six months later, in response to a letter regarding the status of the City's compliance with the terms of one of the stipulations and agreements, the City indicated that it regarded the three underlying grievances as still pending, because the stipulations and agreements, which had never been approved by the City Council, were not binding on the parties. The PBA, seeking to enforce the terms of the stipulations and agreements, commenced this action. After converting this matter, which had been brought as a proceeding pursuant to CPLR article 78, to an action, the Supreme Court, inter alia, declared the stipulations and agreements legally binding and enforceable as between the parties, and directed the appellant to abide by the terms of the stipulations and agreements. We affirm.

The City's various arguments that the stipulations and agreements at issue required approval by the City Council to bind the parties are without merit. The Court of Appeals has made it clear that "the Taylor Law does not by its terms 'vary or extend the instances in which legislative approval is necessary and does not create a necessity for *action by a legislative body where it does not otherwise exist*' " (*Board of Educ. for City School Dist. of City of Buffalo v Buffalo Teachers Fedn.*, 89 NY2d 370, 377 [1996], quoting *John E. Creedon Police Benevolent Assn. of Utica v City of Utica*, 44 AD2d 890 [1974]). Here, the City "has not identified any further legislative action that it must perform under the pertinent statutes" regarding stipulations settling PBA grievances (*Board of Educ. for City School Dist. of City of Buffalo v Buffalo Teachers Fedn.*, 89 NY2d at 377).

Moreover, "resolution of this case may be garnered from an examination of the past practices of these parties. Courts may inform their judgments by reference to a course of dealing which places employees on notice of the need for further legislative action" (*Board of Educ. for City School Dist. of City of Buffalo v Buffalo Teachers Fedn.*, 89 NY2d at 378). Here, the City does not dispute the past practice of the parties of executing similar stipulations resolving PBA grievances by the City Manager and the President of the PBA, without any need for City Council

ratification. It has not provided any rationale why the instant grievance stipulations required City Council approval, whereas previous grievance stipulations executed by the PBA president and the City Manager did not. Indeed, such grievances can be settled without the need for legislative approval (*see e.g. Westchester County Correction Officers Benevolent Assn. v County of Westchester,* 271 AD2d 527 [2000]; *Nassau Ch. of Civ. Serv. Empls. Assn. v County of Nassau,* 141 AD2d 618 [1988]).

Moreover, contrary to the City's claims, the instant stipulations and agreements did not alter or amend the language of the parties' collective bargaining agreement so as to trigger the need for legislative approval. Rather, as the Supreme Court found, they represented agreements between the parties on how they would interpret certain CBA provisions. Thus, no City Council approval was needed in order for the stipulations and agreements to bind the parties.

The City's remaining contentions are without merit. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.